IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RYAN S. SAMANS, | : |
| Plaintiff, | : |
| v. | : Civ. No. 15-171-LPS |
| DAVID PIERCE, et al., | : |
| Defendants. | : |

Ryan S. Samans, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

August 10, 2015
Wilmington, Delaware

*Cert. /s/*

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Ryan S. Samans ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 3) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## II. BACKGROUND

On December 1, 2015, Plaintiff was transferred to ISO (i.e., the hole). Plaintiff alleges violations of the Fourth Amendment of the United States Constitution when he was subjected to multiple strip searches during a five-day period that served no legitimate penological function and were solely for punishment.[2] Captain Bruce Burton ("Burton") and Warden David Pierce ("Pierce") are named as defendants, as "both are in positions of authority, are aware of this and have done nothing to stop it." Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.

---

[1] Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[2] A prisoner's challenge to a strip search may be cognizable under 42 U.S.C. § 1983 through the Fourth or Eighth Amendments. *See Jordan v. Cicchi*, 428 F. App'x 195 (3d Cir. May 20, 2011). To raise a Fourth Amendment claim, the prisoner must allege that the strip search was unreasonable. *See Payton v. Vaughn*, 798 F. Supp. 258, 261-62 (E.D. Pa. 1992). Where a prisoner alleges that the strip search was conducted in a physically abusive manner, the Eighth Amendment applies. *See Jordan*, 428 F. App'x at 199-200 (explaining that excessive force claim arising from strip search may proceed under either Fourth Amendment or Eighth Amendment, but latter is "the primary source of protection after an individual's conviction"); *Robinson v. Ricci*, 2012 WL 1067909 (D.N.J. 2012) (stating that, in addition to possible Fourth Amendment violation, "Eighth Amendment may be implicated where the strip search or visual body cavity search was conducted in a brutish and unreasonable manner"). Here, Plaintiff challenges the strip searches as unreasonable under the Fourth Amendment.

1

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before

2

dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570).

To determine whether a complaint meets the pleading standard as set forth in *Twombly* and *Iqbal*, the Court must: (1) outline the elements a plaintiff must plead to a state a claim for relief; (2) peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth; and (3) look for well-pled factual allegations, assume their veracity, and then "determine whether they plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (internal citations omitted) (citing *Iqbal*, 556 U.S. at 679; *Argueta v. United States Immigration and Customs Enforcement*, 643 F.3d 60, 73 (3d Cir. 2011)). The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

3

## IV. DISCUSSION

A defendant in a § 1983 action "must have personal involvement in the alleged wrongs," which can be shown by "allegations of personal direction." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Plaintiff's allegations against Pierce and Burton are that they hold positions of authority, were aware that strip searches were conducted, and did nothing to stop it. It is unclear from the allegations if Plaintiff alleges that Pierce and Burton were aware of the repeated strip searches to which Plaintiff was subjected, or if he alleges that, in general, Pierce and Burton were aware that strip searches were conducted. As the Complaint now stands, the allegations fail to suggest that Defendants were personally involved in the alleged wrongdoing. In addition, it appears that Plaintiff relied on the supervisory role of Defendants, but liability under § 1983 cannot be based solely on a theory of respondeat superior. *See Wright v. Warden, Forest SCI*, 582 F. App'x 136, 137 (3d Cir. Nov. 17, 2014) (citing *Rode*, 845 F.2d at 1207).

Therefore, Pierce and Burton will be dismissed as defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted. However, since it appears plausible that Plaintiff may be able to articulate a claim against Defendants (or name alternative defendants), he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. Dec. 6, 2007) (leave to amend is proper where plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

## V. CONCLUSION

For the above reasons, the Court will dismiss the claims against Pierce and Burton pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Plaintiff will be given leave to amend the Complaint.

An appropriate order will be entered.